UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES A. LAWSON, | No. 22-1002 (NLH) (EAP) |
| Plaintiff, | OPINION |
| v. | |
| CITY OF VINELAND, et al., | |
| Defendants. | |

APPEARANCE:

Charles A. Lawson
48710/591 304 B
Hudson County Jail
30-35 Hackensack Ave
Kearney, NJ 07032

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Charles A. Lawson, presently incarcerated at Hudson County Jail in Kearney, New Jersey, seeks to file this complaint under to 42 U.S.C. § 1983.  ECF No. 1.

    At this time, the Court must review the complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the complaint with prejudice.

1

I.   BACKGROUND

On January 29, 2018, Defendants John Doe No. 1 and James Day arrested Plaintiff for shoplifting from a Dick's Sporting Goods store in Vineland, New Jersey.  ECF No. 1 at 9.  Plaintiff alleges that "[t]he arresting officer went by a fellow officer's confirmation weeks after the initial [allegation of] shoplifting.  Officer James Day, unrelated to the case in terms of assignment, identified plaintiff Charles Lawson by a screenshot captured by John Doe Officer, who retrieve[d] a video surveillance from Dicks Sporting Loss Prevention."  Id. at 9-10.  Plaintiff alleges that the arresting officers and prosecutors as well as Dick's CEO, controlling shareholder, and loss prevention officer utilized "impermissible [and] suggestive identification methods that were racially motivated and [lacked] probable cause."  Id. at 10.  Plaintiff awaited trial at the Cumberland County Jail for approximately seven months before a jury acquitted him of the shoplifting charges on August 3, 2019.  Id. at 5.  Plaintiff seeks $2.5 million in monetary damages for alleged violations of his constitutional rights.  Id. at 10.

II.  STANDARD OF REVIEW

To survive a sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the Plaintiff's claims are facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

III. DISCUSSION

A.   Defendants Arresting Officer John Doe and Day

Plaintiff alleges Defendants Arresting Officer John Doe and Day falsely arrested and maliciously prosecuted him for shoplifting. "No photo array was given or line-up, Plaintiff was falsely identified by John Does second hand pictures taken on his cellphone from Dick's Sporting surveillance." ECF No. 1

at 4.  Plaintiff alleges Defendant Doe "arrested me weeks after an allege[d] shoplifting based on misidentification on impressible suggestive identification procedure. Resulting in malicious arrest." Id. at 5.  Defendant Day allegedly "impermissibly identif[ied]" Plaintiff and "[a]ssisted John Doe in arresting plaintiff." Id. at 6.  Plaintiff further alleges Defendant Day "who was and is a [sergeant] on the Vineland Police Dept. instructed John Doe arresting officer to issue a warrant for my arrest." Id. at 10.  Plaintiff asserts Defendant Day is liable as Defendant Doe's supervisor.  Id.

   Plaintiff's claims against Defendants Doe and Day are barred by the statute of limitations.  "Although the statute of limitations is an affirmative defense, a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." Demby v. Cnty. of Camden, No. 21-1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), cert. denied, 212 L. Ed. 2d 38, 142 S. Ct. 1163, 2022 WL 516244 (2022).  New Jersey's two-year limitations period for personal injury governs Plaintiff's complaint.  Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); N.J.S.A. § 2A:14-2.  However, the accrual date of a § 1983 action is determined by federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480

4

Case 1:22-cv-01002-NLH-EAP   Document 6   Filed 11/14/22   Page 5 of 13 PageID: 49

(3d Cir. 2014).  "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known."  Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

Plaintiff's false arrest claims accrued on the date of his arrest, January 29, 2018.  See Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011) (noting claim for false arrest accrues on date of arrest).  Plaintiff's malicious prosecution claim accrued when he was acquitted on August 3, 2019.  See Heck v. Humphrey, 512 U.S. 477, 486 (1994) ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor . . . .").  Accordingly, the statute of limitations for Plaintiff's false arrest claims expired on January 29, 2020, and his statute of limitations for malicious prosecution expired on August 3, 2021.  Plaintiff did not file this complaint until February 10, 2022, well after the limitations period expired.

"State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled."  Dique v. N.J. State Police, 603 F.3d 181,

5

185 (3d Cir. 2010).  "The law is clear that courts must be sparing in their use of equitable tolling."  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). "Equitable tolling is extraordinary relief, and is appropriate only when: (1) a defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his or her claim in the wrong forum."  Singleton, 411 F. App'x at 473.

"A party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'"  Margolis v. Warner Chilcott (US) LLC, No. 17-4550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting Menichino v. Citibank, N.A., No. 12-0058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)).  "A Plaintiff may not amend the pleadings through arguments found in his or her Opposition Brief in order to support application of equitable tolling."  Demby v. City of Camden, No. 20-13893, 2022 WL 4377197, at *4 (D.N.J. Sept. 22, 2022) (citing Margolis, 2018 WL 2455925, at *7).  There are no facts in the complaint from which the Court could reasonably conclude that equitable tolling would be appropriate in this matter.  Plaintiff would have been

6

immediately aware of his false arrest claim on the date of his arrest, but he did not file his complaint until over four years later. Even if the false arrest claim did not accrue until the jury acquitted Plaintiff, he filed the complaint more than two years after his acquittal. The Court will dismiss the claims with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  Defendant Fanucci

Plaintiff alleges Defendant Fanucci, in his official capacity as Mayor of Vineland, "facilitate[d] customary discriminatory treatment of black males, more specifically targeting potential suspects by mere complexion of his/her skin, gender, and weight [using] impermissible suggestive identification methods." ECF No. 1 at 4. The Court considers Plaintiff's official capacity claim under Monell v. Department of Social Services, 436 U.S. 658 (1978).

"A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014) (citing Monell, 436 U.S. at 691). Plaintiff argues "[t]he out of court identification procedures were impermissibly suggestive and

7

discriminator violation Plaintiff's due process rights" and that there was a "lack of training or concern."  ECF No. 1 at 15.

"When municipal liability is based on a failure to train, 'liability under section 1983 requires a showing that the failure amounts to "deliberate indifference" to the rights of persons with whom those employees will come into contact.'" Yoast v. Pottstown Borough, 437 F. Supp. 3d 403, 433 (E.D. Pa. 2020) (quoting Thomas, 749 F.3d at 222).  A Monell claim "is subject to the same two-year statute of limitations as the underlying § 1983 tort." Waselik v. Twp. of Sparta, No. 16-4969, 2017 WL 2213148, at *5 (D.N.J. May 18, 2017).  Plaintiff alleges that the lack of training on out-of-court identification procedures caused his false arrest.  As Plaintiff's claim for false arrest is barred by the statute of limitations, so is his Monell claim based on that action.  The Court will dismiss this claim with prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).

C.   Defendant Rudolph Beu

Plaintiff alleges Defendant Vineland Police Chief Rudolph Beu "is civilly liable of subordinates (employees) or associates based on relationship with Vineland Policeman Joe Doe etc., who violated Plaintiff's Constitutional right being falsely identified by officer James Day . . . ." ECF No. 1 at 4.  He further alleges Defendant Beu failed to train officers on out-of-court identification procedures.  Id. at 14-15.

8

"[] Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff's failure-to-train claim against Defendant Beu is barred by the statute of limitations for the reasons discussed supra.

D. Prosecutorial Claims

Plaintiff asserts malicious prosecution claims against Defendants Cumberland County Prosecutor Jennifer Webb McRae and Assistant Prosecutor Ellyse Paterson. Plaintiff alleges Defendant Paterson "initiated a criminal proceeding without probable cause. Ignoring her oath of office to seek the truth as well as seek justice swiftly." ECF No. 1 at 6. Plaintiff alleges Defendant Webb McRae "advocat[ed] his malicious prosecution out of retaliation." Id. at 7. Defendants Webb McRae and Paterson have absolute immunity on Plaintiff's malicious prosecution claims.

"The decision to initiate a prosecution is at the core of a prosecutor's judicial role." Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). See also Burns v. Reed, 500 U.S. 478, 486

9

(1991); Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020).  "A prosecutor is absolutely immune when making this decision, even where [she] acts without a good faith belief that any wrongdoing has occurred."  Kulwicki, 969 F.2d at 1464.  Plaintiff also alleges that Defendant Peterson acted maliciously by "produc[ing] a video of a black man running out of the Department Store only resemblance to me was his skin color."  ECF No. 1 at 14.  However, prosecutorial immunity extends to "claims arising from [prosecutors'] conduct . . . in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence."  Fogle, 957 F.3d at 160 (internal quotation marks and citations omitted).  Accordingly, all claims against the prosecutor defendants for their conduct and actions during the investigation, indictment, and prosecution of Plaintiff must be dismissed with prejudice.[1]  28 U.S.C. § 1915(e)(2)(B)(iii).

E.   Dick's Sporting Goods, Inc. Defendants

Plaintiff also raises claims against Lauren Holbart, CEO of Dick's Sporting Goods; Ed Stacks, former Dick's CEO and controlling shareholder; and John Doe Loss Prevention Officer.  Plaintiff alleges these defendants "procured plaintiff's arrest

---

[1] Even if absolute immunity did not apply, Plaintiff's malicious prosecution claims would be time barred because he submitted the complaint more than two years after his August 3, 2019 acquittal.

10

and imprisonment, by means of abuse of process without reasonable cause or probable cause which ultimately led to [Plaintiff's] false arrest." ECF No. 1 at 6.

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). "Section 1983, thus, protects against constitutional violations by the State, but 'not against wrongs done by individuals.' In other words, individual § 1983 liability attaches only in instances where the State is responsible for the specific conduct causing the alleged harm." Surina v. S. River Bd. of Educ., No. 17-2173, 2018 WL 1327111, at *3 (D.N.J. Mar. 15, 2018) (quoting United States v. Price, 383 U.S. 787, 799 (1966)), aff'd, No. 20-2804, 2022 WL 264464 (3d Cir. Jan. 27, 2022).

"Although there is no 'simple line' between state and private actors, we have explained that '[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior

11

may be fairly treated as that of the State itself.'" Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (alteration in original)).

For claims against private parties that involve "suspected shoplifters," "a store and its employees cannot be liable as state actors under § 1983 unless: (1) the police have a pre-arranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." Cruz v. Donnelly, 727 F.2d 79, 80-81 (3d Cir. 1984) (citing Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)). "Absent allegations or facts tending to show such a plan . . . [a private entity cannot] be said to have engaged in the 'concerted' or 'joint action' with the police necessary to bring them within the scope of a § 1983 claim." Id. at 80. "Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor." Cooper v. Muldoon, No. 05-4780, 2006 WL 1117870 at *2 (E.D. Pa. Apr. 26, 2006). See also Hohsfield v. Staffieri, No. 21-19295, 2021 WL 5086367, at *5 (D.N.J. Nov. 1, 2021) ("Merely reporting a crime does not transform a private

citizen into a state actor for the purposes of 42 U.S.C. § 1983.").

Here, there are no allegations of concerted or joint action between the police and Defendants Holbart, Stacks, or the Loss Prevention Officer. The Court will dismiss Plaintiff's § 1983 claims against these defendants with prejudice for failure to state a claim.

F.   State Law Claims

When a court has dismissed all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). Because the federal claims have not survived the initial screening process, the Court declines to exercise supplemental jurisdiction over any state law claims.

VI.  CONCLUSION

For the reasons stated above, the Court will dismiss the federal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court declines to exercise supplemental jurisdiction over the remaining state law claims. An appropriate Order follows.

Dated: November 14, 2022            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

13